UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    PLAINTIFF,

v.                                                  CR. No. 07-20485

JAMES LAMONT BARKSDALE,       HONORABLE SEAN F. COX

    DEFENDANT.
_____/

**OPINION & ORDER
ACCEPTING AND ADOPTING REPORT & RECOMMENDATION**

Defendant James Lamont Barksdale ("Defendant") is charged in a two-count indictment with one count of possessing five grams or more of cocaine base with the intent to distribute and one count of being a felon in possession of a firearm. The matter is currently before the Court for consideration of Defendant's objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Michael Hluchaniuk on May 6, 2008, in which he recommends that the Court deny Defendant's Motion to Suppress Evidence. For the reasons that follow, the Court overrules the objections filed by Defendant and shall adopt the R&R.

**BACKGROUND**

On October 9, 2007, Defendant was indicted and charged with one count of possessing five grams or more of cocaine base with the intent to distribute and one count of being a felon in possession of a firearm. Both charges stem from events that occurred on July 26, 2007.

This case was originally assigned to the Honorable Paul V. Gadola. On October 29, 2007, Defendant filed a Motion to Suppress Evidence. (Docket Entry No. 11). On January 16,

1

2008, Judge Gadola issued an order of reference that referred the motion to Magistrate Judge Hluchaniuk for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(B)(1)(B). (Docket Entry No. 16).

Magistrate Judge Hluchaniuk held an evidentiary hearing on January 25, 2008. Following that evidentiary hearing, a transcript of the testimony was prepared and the parties filed supplemental briefs reflecting their respective positions. On May 6, 2008, Magistrate Judge Hluchaniuk issued his 30-page R&R which recommends that Defendant's Motion to Suppress Evidence be denied.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within ten (10) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Defendant filed timely objections to the R&R on May 16, 2008. The Government did not file any response to the objections. On May 23, 2008, this case was reassigned to this Court. (Docket Entry No. 24).

## **ANALYSIS**

In his objections, Defendant states that he generally objects to the Magistrate Judge's recommendation that his Motion to Suppress Evidence should be denied. He states three specific objections to the R&R.

First, Defendant objects to the Magistrate Judge's conclusion that Defendant's consent was not the product of illegal police activity. Defendant notes that Deputy Antcliff testified that

he could not see a license plate at the time of the stop, but that he later realized there was a paper plate on the vehicle.  He asserts that, "[w]hatever justification the plate provided to initially stop Defendant's vehicle was now gone."  This argument simply ignores that the Magistrate Judge credited Antcliff's testimony that he could not see any lettering on the paper plate even when he was within a few steps of the rear of the vehicle.  (R&R at 20).  The R&R concluded that Antcliff had a reasonable suspicion that Defendant was driving without a valid license plate on his vehicle and, therefore, he had an appropriate basis to conduct a traffic stop of the vehicle. (R&R at 22). .

Second, Defendant asserts that the Magistrate Judge's conclusion that his conduct in removing his shoes, socks and pants was voluntary is erroneous because it "ignores the totality of the circumstances."  (Objs. at 3).  The Court finds that the R&R properly weighed the circumstances surrounding the voluntariness of Defendant's actions and correctly concluded that Defendant's actions in removing his shoes and socks, and in undoing his pants, were voluntary. (*See* R&R at 26-27).

Third, Defendant contends that the Magistrate Judge's conclusion that Defendant's abandonment of the drugs did not follow police action was error.  (Objs. at 4).  The Court also rejects this objection, concluding that the R&R properly concluded that there was no Fourth Amendment violation by the officers that caused Defendant to "abandon" the drugs by throwing them into the police car following the questions asked by Antcliff.

## **CONCLUSION & ORDER**

Accordingly, the Court **ACCEPTS** and **ADOPTS** the May 6, 2008 R&R**.  IT IS ORDERED** that Defendant's Motion to Suppress Evidence is **DENIED.**

**IT IS SO ORDERED**.

                                      S/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated: July 2, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2008, by electronic and/or ordinary mail.

                                      S/Jennifer Hernandez
                                      Case Manager